Reese J.
delivered the opinion of the court.
Seven years having intervened between the date of the grant, under which the'defendant claims, and the institution of the suit, the statute of limitations constitutes a bar to the recovery of the plaintiff in the present case, if the date of the grant itself, and not the time of its registration shall designate the commencement of the grant as a muniment of title. And, at the threshold, we may remark, that the exclusive object in requiring a date to be annexed to all such instruments, is to establish and perpetuate the evidence of the fact as to when the instrument had its existence. The endorsement of the register in this case is necessary to show the fact of registration, but it would be as good without as with a date. In the thousands of instances in which grants have *3 been produced in courts of justice, it has never been ruled or intimated, that for the purpose of giving effect to the statute of limitations or for the purpose of determining the. question of elder or younger title, the date, not of the grant, but of the registration of it must be resorted to.. The registration of the grant is not intended to give it existence, but to preserve and perpetuate the evidence that it already exists. It is unnecessary, however, that we should in this case determine whether the registration be necessary to the validity of the grant, entertaining as we do no doubt whatever that the grant when registered relates to, and has full and complete existence for ail purposes, from the date which it bears. This point, though not reported, was determined many years since in the case of Peck’s Lessee vs. Hanes, when that case was a third time before the Supreme court. The principle has been settled in North Carolina, in several cases; and indeed, in the absence of all authority, the reason of the thing, if not the necesity of the case, would dictate the same conclusion.
'Let .the Judgment'.be affirmed.